OPINION
Appellant, Angela M. Priester, appeals from a judgment issued by the Lake County Court of Common Pleas, Domestic Relations Division.
The parties were married on June 30, 1990 and have no children. On February 19, 1998, appellee, Robert E. Priester, filed a complaint for divorce on the grounds of extreme cruelty, gross neglect of duty, and incompatibility. On January 13, 1999, the matter came on for final hearing before a magistrate. At the hearing, the primary dispute between the parties was whether appreciation on a house located at 861 Lanark Lane, Painesville, Ohio, purchased by appellee before the marriage, should be characterized as marital or separate property. Whether the parties should share equally in tax refunds and liabilities that resulted from filing separate 1997 tax returns was also at issue. On February 9, 1999, the magistrate filed her decision, in which she recommended that divorce be granted to the parties on the grounds of incompatibility. The magistrate determined that the appreciation on the house on Lanark Lane was separate property because appellant did not present any evidence that home improvements made by the parties caused the home to appreciate in value. The magistrate also determined that appellant was not entitled to half of appellee's 1997 tax refund and that appellee was not required to pay half of appellant's 1997 tax debt.
On February 24, 1999, appellant filed objections to the magistrate's decision which included allegations that the magistrate erred by awarding all of the appreciation on the Lanark house to appellee and by determining that the parties should not share equally in their 1997 tax refunds and liabilities. On May 21, 1999, the trial court overruled appellant's objections, adopted the magistrate's decision and ordered appellee's counsel to prepare the final judgment of divorce. On June 29, 1999, the trial court filed the final judgment of divorce. From this judgment, appellant assigns the following errors:
 "[1.] The trial court's characterization of appreciation in the value of the marital property occurring during the marriage as the separate property of Robert Priester constitutes an abuse of discretion.
 "[2]. The trial court abused its discretion by failing to require the parties to share equally in tax refunds and liabilities resulting from Robert Priester's unilateral decision to file a separate 1997 tax return."
In her first assignment of error, appellant alleges that the trial court abused its discretion by characterizing the appreciation on the Lanark house as the separate property of appellee. Appellant contends that the trial court erred by concluding that appellant had the burden of proving that the house appreciated due to home improvements made during the marriage rather than placing the burden on appellee to prove that the appreciation was separate property. Appellant argues that because the appreciation of the house was marital property, the trial court abused its discretion in its division of the parties' assets by awarding all of the appreciation on the house to appellee.
An increase in the value of separate property during the parties' marriage is marital property if that increase was due to the labor, money, or in-kind contributions of either spouse. R.C.3105.171(A)(3)(a)(iii). The appreciation of separate property is passive appreciation and remains separate property if the increase in value is not due to either spouse's contributions. R.C. 3105.171(A)(4). In Middendorfv. Middendorf (1998), 82 Ohio St.3d 397, 401, 696 N.E.2d 575, the Supreme Court of Ohio explained that if some competent, credible evidence exists to support a trial court's classification of the appreciation of separate property, a reviewing court cannot conclude that the trial court abused its discretion.
In the instant case, we agree with appellant's contention that the trial court erred by placing the burden on appellant to prove that the appreciation of the house was due to the home improvements made during the marriage. Because appellee was the party seeking to have the appreciation classified as separate property, he bore the burden of proof on that issue by a preponderance of the evidence. Polakoff v. Polakoff
(Aug. 4, 2000), Trumbull App. No. 98-T-0163, unreported. Although the trial court erred by not placing the burden of proof on appellee, we cannot review the trial court's finding that the appreciation on the house was separate property because appellant failed to comply with Civ.R. 53(E)(3)(b).
Civ.R. 53(E)(3)(b) provides that "* * * [a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. * * *." As this court stated in Frederickv. Frederick (Mar. 31, 2000), Portage App. No. 98-P-0071, unreported, citing Barkley v. Barkley (1997), 119 Ohio App.3d 155, 694 N.E.2d 989, "[t]he trial court's characterization of property as either marital or separate necessarily involves a factual inquiry."
In the instant case, appellant failed to file a transcript of the magistrate's hearing or an affidavit with the trial court. In Dintinov. Dintino (Dec. 31, 1997), Trumbull App. No. 97-T-0047, unreported, this court held that when a party fails to file a transcript or an affidavit with her objections in the trial court, "[t]he objecting party is * * * precluded from arguing factual determinations upon appeal. As a result, appellant is barred from challenging the magistrate's factual findings in this appeal because she failed to provide the trial court with a proper record of the magisterial proceedings."
Appellant failed to file a transcript or an affidavit with her objections in the trial court; therefore, she is precluded from arguing that the trial court mischaracterized the appreciation on the Lanark house as a separate rather than marital asset. Given that we must accept the trial court's finding that the appreciation of the house was separate property, we cannot say that the trial court abused its discretion in its division of the parties' property.
In her second assignment of error, appellant alleges that the trial court abused its discretion by failing to require the parties to share equally in tax refunds and liabilities from their 1997 tax returns. Appellant contends that appellee unilaterally decided to file a separate tax return as a single individual. Appellant asserts that appellee took advantage of deductions to which both parties were entitled and received a tax return over $900, and as a result of appellee's actions, appellant was saddled with tax debt of over $2,000. Appellant cites Miller v.Miller (Jan. 2, 1997), Summit App. No. 17711, unreported, for the proposition that when one spouse unilaterally takes all of the tax benefits to which both parties are entitled and receives a tax refund as a result, a court may order the wrongdoer to compensate his spouse to achieve an equitable distribution of property. In Miller, the Ninth Appellate District held that a trial court did not abuse its discretion by treating the tax refund as a marital asset and the tax debt as a marital liability; the Miller court did not hold that a trial court must treat tax refunds and debts as marital assets and liabilities.
As previously stated, whether an asset should be characterized as marital or separate is a question of fact. Frederick, supra. Because appellant failed to comply with Civ.R. 53, we cannot review whether the trial court erred by refusing to characterize the tax refund received by appellee and the tax debt owed by appellant as marital property.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.
 __________________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., dissents, O'NEILL, J., concurs.